## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**NATIONAL CASUALTY COMPANY**                                **PLAINTIFF**

**VS.**                              CIVIL ACTION NO. _3:09CV526 TSL-JCS_

**FRANKLIN COUNTY, MISSISSIPPI;
FRANKLIN COUNTY BOARD OF SUPERVISORS;
THOMAS MOORE, INDIVIDUALLY AND ON
BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES AND HEIRS AT LAW OF
CHARLES MOORE, DECEASED; AND THELMA
COLLINS, INDIVIDUALLY AND ON BEHALF
OF ALL WRONGFUL DEATH BENEFICIARIES
OF HENRY DEE, DECEASED**                                **DEFENDANTS**



---

### COMPLAINT

---

National Casualty Company ("National Casualty") files this its Complaint for

Declaratory Judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Fed. R. Civ. P. 57 and states:

### PARTIES

1.      Plaintiff National Casualty is a corporation established under the laws of the State

of Wisconsin, with its principal place of business in the State of Wisconsin.

2.      Defendants Franklin County, Mississippi and the Franklin County Board of

Supervisors (collectively "Franklin County") are Mississippi governmental entities and deemed

to be citizens of the State of Mississippi for purposes of this Court's jurisdiction.

3.      Defendant Thomas Moore is a an adult resident citizen of Colorado Springs,

Colorado.

4.      Defendant Thelma Collins is an adult resident citizen of Springfield, Louisiana.

## PRELIMINARY STATEMENT

5.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine an actual case and controversy between National Casualty and Defendants regarding their respective rights and obligations under Policy No. PKO0000507 ("the Policy").

6.     Western Heritage seeks a judgment declaring that it has no duty to defend or indemnify Franklin County under the Policy in connection with a lawsuit filed by Defendants Thomas Moore and Thelma Collins against Franklin County, styled *Thomas Moore, et al. v. Franklin County, Mississippi*, pending in the United States District Court for the Southern District of Mississippi, originally assigned Civil Action No. 5:08cv258-DCB-JMR (the "underlying lawsuit").

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332 because there is diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

8.     Venue is proper in the United States District Court for the Southern District of Mississippi, Jackson Division, pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this controversy occurred in this District.

## GENERAL ALLEGATIONS

9.     On or about August 5, 2008, Defendants Moore and Collins filed the underlying lawsuit against Defendant Franklin County. A true and correct copy of the underlying complaint is affixed hereto as Exhibit "A" and incorporated by reference.

- 2 -

10.     On April 13, 2009, the underlying lawsuit was transferred to the Jackson Division of the United States District Court for the Southern District of Mississippi and assigned Civil Action No. 3:09cv236-TSL-JCS.

11.     In the underlying lawsuit, Moore and Collins, on behalf of all wrongful death beneficiaries and heirs at law of Charles Eddie Moore and Henry Hezekiah Dee, claim that in 1964 Franklin County had an unlawfully motivated policy and practice of protecting the Ku Klux Klan (the "Klan") to deprive African-American citizens and others of their constitutional rights.

12.     The complaint alleges that Charles Eddie Moore and Henry Hezekiah Dee were kidnapped, beaten and murdered by members of the Klan while aided and abetted by law enforcement officers of Franklin County.  The complaint cites grand jury testimony that two law enforcement officers of Franklin County, Sheriff Wayne Hutto and Deputy Sheriff Kirby Shell, conspired with the perpetrators of the kidnappings and/or murders on May 2, 1964 and subsequently afterward.

13.     Hutto and Shell are alleged to have misled Charles Eddie Moore's and Henry Hezekiah Dee's relatives regarding their decedents whereabouts, the Federal Bureau of Investigation, and to have participated in a cover-up of the crimes from May 1964 to March 1966.  The complaint further sets forth facts detailing Hutto's and Shell's alleged participation in a conspiracy to kidnap and murder Charles Eddie Moore and Henry Hezekiah Dee and violations of their relatives' rights.

14.     The complaint also alleges that Franklin County intentionally failed to protect certain individuals from Ku Klux Klan violence and/or intimidation in the following matters during the years of 1963 and 1964: (a) The Clyde Briggs Matter; (b) The Burl Jones Matter; (c) The Robert Middleton Matter; and (d) The Alton Alford Matter.

15.    The complaint further alleges that Franklin County intentionally failed to investigate the murder of Earl Hodge, who was allegedly murdered by the Ku Klux Klan in 1965 in Franklin County.

16.    The complaint seeks recovery on the following legal theories:

(1)    42 U.S.C. § 1981(a) – Equal Benefit of the Laws;

(2)    42 U.S.C. § 1983 – Municipal Liability – Sheriff Hutto as Policymaker;

(3)    42 U.S.C. § 1985(3) – Conspiracy;

(4)    Wrongful Death Based on Conspiracy to Commit Intentional Murder;

(5)    Survival Action Based on Conspiracy to Commit Intentional Murder;

(6)    Assault and Battery, Mississippi Wrongful Death Statute – Wrongful Death;

(7)    Assault and Battery, Mississippi Wrongful Death Statute – Survival Action;

(8)    Reckless Disregard for the Rights and Safety of Plaintiffs – Survival Action.

17.    The complaint seeks compensatory damages, economic damages, non-economic damages, exemplary damages, hedonic damages, reasonable attorneys' fees and costs, and other general relief.

18.    On January 22, 2009, the District Court issued and order dismissing Moore's and Collins's claims based upon state law.

19.    National Casualty issued the initial Policy to Franklin County providing law enforcement liability claims made coverage with effective dates from February 6, 2003 to February 6, 2004.  A true and correct copy of the Policy is affixed hereto as Exhibit "B" and incorporated by reference.

PD.1914240.1

20.    The Policy was renewed on an annual basis, with the last effective dates pertinent to this action being February 6, 2008 to February 6, 2009. *See* Policy Renewal Certificates affixed to Exhibit "B."

21.    Under Section I – Coverages, the Policy provides the following insuring agreement:

1.    INSURING AGREEMENT

We will pay on behalf of the insured all "loss" resulting from "law enforcement wrongful act(s)" which arise out of and are committed during the course and scope of "law enforcement activities" or which arise out of the ownership, maintenance or use of premises by you for the purpose of conducting "law enforcement activities" but only with respect to "claims" first made against the insured during the "policy period" or Extended Reporting Period. The "law enforcement wrongful act(s)" must occur within the "coverage territory."

22.    Under Section II – Exclusions, the Policy explains the following with respect to exclusions from coverage:

We will not be obligated to make any payment nor to defend any "suit" in connection with any "claim" made against the insured:

***

2.    Arising out of the deliberate violation of any federal, state, or local statute, ordinance, rule or regulation committed by or with the knowledge and consent of the insured. This exclusion applies to both civil and criminal charges filed against the insured in his or her official or individual capacity if the charges result in an obligation to pay damages, a plea of guilty, a verdict of guilty, a sentence or plea of no contest;

***

11.    Arising out of:

a.    Any "law enforcement wrongful act" which takes place prior to the "policy period" if the insured had knowledge of circumstances which could reasonably be expected to give rise to a "claim"; or

b.    Any "loss" for which the insured is entitled to indemnity or payment by reason of having given notice of any circumstances which might give

PD.1914240.1

rise to a "claim" under any policy or policies the term(s) of which has expired prior to the inception date of this policy.

23.    Under Section VI – Law Enforcement Liability – Definitions, the Policy defines

the following terms used in the Policy:

1.    "Claim" means a written notice from any party that it is their intention to hold an insured responsible for "loss" resulting from a "law enforcement wrongful act" covered by this Coverage Form.

***

4.    "Law enforcement activities" means:

a.    Those activities conducted by your Law Enforcement Department or Agency shown in the Law Enforcement Liability Coverage Part Supplemental Declarations; and

b.    Departmentally approved activities which are declared in the application for this insurance.

5.    "Law enforcement wrongful act" means any actual or alleged act, error or omission, neglect or breach of duty by the insured while conducting "law enforcement activities," which results in:

a.    "Personal injury"; or

b.    "Bodily injury"; or

c.    "Property damage,"

caused by an "occurrence."

6.    "Loss" means any monetary amount which the insured(s) are legally obligated to pay as a result of "law enforcement wrongful act(s)" covered by this Coverage Form and will include but not be limited to judgments and settlements, but "loss" will not include fines imposed by law or matters which may be deemed uninsurable under the law pursuant to which this Coverage Form will be construed.

***

8.    "Occurrence" means an event, including continuous or repeated exposure to substantially the same generally harmful conditions.

9.     "Personal injury" means:

    a.     Assault and battery;

    b.     Discrimination, unless insurance thereof is prohibited by law;

    c.     False arrest, detention or imprisonment, or malicious prosecution;

    d.     False or improper service of process;

    e.     Humiliation or mental distress;

    f.     The publication or utterance of a libel or slander or of other defamatory or disparaging material, or a publication or utterance in violation of an individual's right to privacy; except publications or utterances in the course of or related to advertising, broadcasting or telecasting activities by or on behalf of the insured;

    g.     Violation of civil rights protected under 42 USC 1981 et sequential or State Law;

    h.     Violation of property rights; and

    i.     Wrongful entry, eviction or other invasion of the right of public occupancy.

***

11.     "Suit" means a civil proceeding in which monetary damages are alleged because of a "law enforcement wrongful act" to which this coverage form applies. "Suit" includes:

    a.     An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    b.     Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

24.     On August 26, 2008, National Casualty mailed a reservation of rights letter to Franklin County reserving its rights to deny a defense and/or indemnity for the underlying lawsuit.

25.    Franklin County acknowledged receipt of the reservation of rights letter by signing and returning a copy to National Casualty's attorneys.    A true and correct copy of Franklin County's acknowledgment of National Casualty's reservation of rights is affixed hereto as Exhibit "D" and incorporated by reference.

26.    National Casualty is currently providing Franklin County with a defense against the underlying lawsuit, as well as independent *Moeller* counsel, due to its reservation of rights.

27.    Franklin County is not entitled to a defense or indemnity against the underlying lawsuit because the complaint does not allege covered "law enforcement wrongful act[s]" or "occurrence[s]."

28.    Franklin County is not entitled to a defense or indemnity against the underlying lawsuit because the Policy excludes coverage for any "suit' or "claim" arising out of the deliberate violation of any federal, state, or local statute, ordinance, rule or regulation committed by or with the knowledge and consent of the insured.

29.    Franklin County is not entitled to a defense or indemnity against the underlying lawsuit because the Policy excludes coverage for claims taking place prior to the policy period where the insured has knowledge of the circumstances which could reasonably be expected to give rise to the claims.

30    Furthermore, the coverage available to Franklin County under the Policy is subject to all other terms, provisions, conditions, and exclusions which may apply to preclude coverage, including, but not limited to, the lack of any duty on the part of National Casualty to defend or indemnify Franklin County against the claims presented by the underlying lawsuit.

## **DECLARATORY RELIEF**

31.    National Casualty incorporates the previous paragraphs by reference.

32.    An actual, present and existing controversy has arisen between National Casualty and Defendants with respect to the existence and scope of National Casualty's defense and indemnity obligations, if any, with respect to the claims at issue in the underlying lawsuit.

33.    Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, National Casualty seeks a judicial declaration of its rights and duties as to Defendants in respect to the claims at issue in the underlying lawsuit.  Specifically, National Casualty seeks a judgment that the Policy terms, conditions and exclusions do not obligate National Casualty to continue to pay for Franklin County's defense of the underlying lawsuit or require National Casualty to indemnify Franklin County for any claims asserted by Moore and Collins.  The Court's making such a declaration will confer certainty on the parties with respect to their rights and obligations under the Policy, and will therefore serve the interests of justice.

34.    In addition to the foregoing provisions, National Casualty pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Policy, which may also be found to be applicable, and reserves the right to amend its Complaint for Declaratory Judgment should additional information become available.

WHEREFORE, PREMISES CONSIDERED, National Casualty respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Policy, including, but not limited to, the following: (a) National Casualty has no obligation to continue to provide Franklin County with a defense in the underlying lawsuit under the Policy; (b) Western Heritage has no obligation to indemnify Franklin County for any claims asserted by Moore and Collins under the Policy; and (c) for all such other and further relief as equity and the justice of this cause may require and permit.

THIS the 31st day of August, 2009.

PD.1914240.1

Respectfully submitted,

PHELPS DUNBAR, LLP

By: _____
James W. Shelson (Bar No. 9693)
*shelsonj@phelps.com*
Justin L. Matheny (Bar No. 100754)
*mathenyj@phelps.com*
Suite 600
111 East Capitol Street
P.O. Box 23066
Jackson, MS 39225-3066
Telephone: (601) 352-2300
Facsimile: (601) 360-9777

ATTORNEYS FOR NATIONAL
CASUALTY COMPANY

PD.1914240.1